## UNITED STATES v. STRAUSS.

### (District Court, S. D. Ohio, W. D. April 14, 1893.)

### No. 1,719.

CUSTOMS DUTIES—ENTRY BELOW VALUE—ACTION FOR PENALTY.

One who is assessed with a penalty for entering dutiable goods at a sum below their actual value cannot, in an action for the penalty, defend on the ground that he intentionally omitted certain items from the entry in order to pay them separately under protest. He must either give notice, and ask for a reappraisement, or take an appeal, as provided by law. Act June 10, 1890, §§ 13, 14; 2 Supp. Rev. St. 750.

At Law. Action by the United States against Henry Strauss to recover a penalty for undervaluation of dutiable goods. Judgment for plaintiff.

John W. Herron, U. S. Atty., and Henry Hooper, Asst. U. S. Atty., for the United States.

Harmon & Colston and Goldsmith & Hoadly, for defendant.

SAGE, District Judge. The agreed statement of facts is, in substance, as follows:

The defendant imported into the United States, from Cuba, six cases of cigars, which arrived December 4, 1890. On the 10th of December he made a consumption entry, and paid the duties thereupon. The value of the goods, as entered, was $819. The surveyor of customs on the 13th of December appraised the cigars at $819, as entered, and added the sum of $148 for the case, packing, and charges, and the defendant paid the duty, and withdrew the goods. June 13, 1891, the surveyor and acting collector of customs caused said entry to be reliquidated, and a final liquidation made, which included in the value of said merchandise the boxes and packing charges, making the appraised value $969; and the surveyor assessed a penalty thereon in accordance with the provisions of section 7 of the act of congress approved June 10, 1890, (2 Supp. Rev. St. U. S. p. 748,) which provides that, if the appraisement exceeds by more than 10 per cent. the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties, a further sum equal to 2 per centum of the total appraised value for each 1 per centum that such appraised value exceeds the value declared in the entry. The penalty, under this provision, in this case, is $348.12, being the amount sued for. The defendant was notified of this reliquidation on the same day. On the 23d of June, 1892, he filed a protest with the surveyor, setting forth that the boxes and charges were intentionally omitted from said consumption entry; "the omission being solely for the purpose of paying the duty on the value of the cigars, and excluding the value of the cases, boxes, and bands, with the intent to enter the same, and pay the duties thereon, under protest." The additional duty of $146.34 on the increased value, and on 24¼ pounds additional weight, was paid on liquidation; but the penalty claimed under the statute was not paid at the time of the protest, nor has it been since paid. The defendant did not give notice to the collector of his dissatisfaction with such appraisement, and ask for a reappraisement by one of the board of general appraisers, or by the board of said appraisers, nor has any appeal been taken from the act of the surveyor of customs in said appraisement. The failure to give notice, and ask for a reappraisement, or to take an appeal from the act of the surveyor of customs, is fatal to the defense, which is that when the surveyor caused the entry to be liquidated the rate and the duties chargeable, together with all costs, charges, fees, and exactions, of whatever character, were decided by the surveyor and acting collector, and by him demanded of the defendant, and that the defendant then duly paid the same, and withdrew the cigars for consumption.

Section 13 of the act provides for a reappraisement if the collector shall deem the appraisement of any imported merchandise too low, which reappraisement shall be made by one of the general appraisers. The decision of the general appraiser, in cases of reappraisement, is made final and conclusive as to the dutiable value of the merchandise reappraised, against all parties interested, unless the importer, owner, consignee, or agent of the merchandise shall be dissatisfied with such decision, and shall within two days thereafter give notice to the collector, in writing, of such dissatisfaction, or unless the collector shall deem the appraisement too low. In either case it is made the duty of the collector to transmit the invoice, and all the papers appertaining thereto, to the board of three general appraisers which shall be on duty at the port of New York, or to a board of three general appraisers who may be designated by the secretary of the treasury for such duty at that port or any other port, which board shall examine and decide the case thus submitted, and their decision, or that of a majority of them, shall be final and conclusive.

Section 14 provides for an appeal within 10 days from the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all costs, charges, fees, and exactions, of whatever character, excepting on tonnage, and that in default of such appeal the decision of the collector shall be final and conclusive. The defendant has neglected to take any of the steps provided by law to review the action of the collector, which has now become conclusive and final. The judgment will be in favor of the United States, with costs.